IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANIEL L. BROWN,**

    **Plaintiff,**

**v.**

**CENTRAL ILLINOIS PUBLIC SERVICE
COMPANY, n/k/a Ameren CIPS, an Illinois
Corporation; AMEREN ENERGY,
GENERATING COMPANY, an Illinois
Corporation, AMEREN ENERGY
RESOURCES, INC., an Illinois Corporation,
AMEREN CORP., a Missouri Corporation,**

    **Defendants.**                        **Case No. 06-cv-425-DRH**

## ORDER OF DISMISSAL

**HERNDON, Chief Judge:**

      Before the Court is an Agreed Motion for Entry of Dismissal Order (Doc. 23),[1] filed jointly by plaintiff Daniel L. Brown, and defendants AmerenCIPS (identified as Central Illinois Public Service Company, n/k/a Ameren CIPS), Ameren Energy Generating Company, Ameren Energy Resources Company (identified as Ameren Energy Resources, Inc.), and Ameren Corporation. At the Parties' request, the Court **GRANTS** the Motion (Doc. 23), finding that all of Plaintiff's claims and potential claims have been fully compromised and settled, including, but not limited

---

[1] The Court notes that this document was not filed as a "motion" but rather, as a "stipulation." However, as it is captioned as a "motion" on the document itself, the Court will regard it as such.

to, any potential claims under the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, as reflected by the Parties' Settlement Agreement and Release.[2]  Thus, this case is hereby **DISMISSED WITH PREJUDICE** in its entirety, with all parties to bear their own costs and attorneys' fees.  Judgment to be entered accordingly.

       **IT IS SO ORDERED**.

       Signed this 14th day of November, 2007.

                              /s/      DavidRHerndon
                              **Chief Judge**
                              **United States District Court**

---

[2] In fact, as the record reflects, on September 27, 2007, a 60-day Order was entered, stating that counsel for the defendant had advised the Court that the suit had settled but that additional time was necessary to consummate the settlement (Doc. 22).